REFORM and AFFIRM; Opinion issued November 14, 2012.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-11-01124-CR

## KENDALL WILLIAM MEADOWS, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 1
Dallas County, Texas
Trial Court Cause No. F06-29375-H**

# MEMORANDUM OPINION

Before Justices O'Neill,
Opinion By Justice O'Neill, FitzGerald and Lang-Miers

Appellant appeals his conviction for criminal solicitation of a minor. In four issues, appellant contends (1) the evidence is legally insufficient to support his conviction because the State failed to show he acted with intent that the offense of sexual assault be committed, (2) the trial court erred in admitting extraneous offense evidence, (3) the trial court erred in admitting appellant's AOL address book, and (4) the judgment should be reformed to show the correct statute under which appellant was convicted. For the following reasons, we reform the judgment, and affirm the judgment as reformed.

The grand jury indicted appellant for criminal solicitation of a minor for requesting, commanding, and attempting to induce "Nellie," a fictitious minor, to engage in conduct that would

constitute sexual assault. At trial, the State presented evidence that Detective Bruce Marshall created a fictional profile on AOL for "JanelleGirl14" ("Nellie"), a fourteen-year-old high school freshman. Appellant, who was thirty-one years old, began communicating with "Nellie" by instant message. The State introduced transcripts of the messages exchanged between appellant and Nellie.

The transcripts show Nellie[1] told appellant she was fourteen and lived in Garland. Appellant told Nellie he was twenty-one and began "chatting" with her asking what she liked to do and whether she babysat. She said she liked to spend money, but that she did not babysit. Appellant asked if she liked older men that could help her with money, and asked to meet her so he could see what she looked like. Nellie said she would meet appellant at a nearby McDonald's that day.

When Nellie did not show up, appellant contacted Nellie the following day, a Friday. Appellant again asked to meet Nellie to see how they would "work out" and if she may be his "g/f" (girlfriend). Nellie said she was busy all weekend, but she could meet him the following Monday. When Nellie questioned what they would do, appellant asked if she wanted to have sex. Nellie told appellant she had never had sex before, but that it might be fun. However, she said she was worried her mother would find out or she might get pregnant. She insisted appellant wear a condom if they were going to have sex. Appellant agreed. Appellant and Nellie planned to meet outside the same McDonald's on Monday and they would go to his house. Appellant promised to bring her some marijuana so she would be less nervous.

Appellant went to the McDonald's the following Monday with his two children, an infant and young daughter. Police arrested appellant for solicitation of a minor. Appellant and his car were searched and no condoms were found. During his interrogation, appellant initially denied he was meeting a girl at the McDonald's, claiming he was just getting something to eat. Eventually,

---

[1] When we refer to "Nellie," we refer to Marshall pretending to be Nellie.

appellant admitted he was planning on meeting Nellie at the McDonald's.

Appellant testified at trial and claimed the transcripts of the communications between he and Nellie were false. He said he met "Nellie" to talk to her about babysitting and whether he could pay her with "weed" to babysit. After hearing the evidence, the jury found appellant guilty as charged in the indictment.

In his first point of error, appellant contends the evidence is legally insufficient to support his conviction. Under section 15.031(b) of the penal code, it is an offense if a person, with intent to commit sexual assault of a child, requests, commands, or attempts to induce a minor or a person he believes to be a minor to engage in conduct that the actor believes would constitute the offense. *See* TEX. PENAL CODE ANN. § 15.031(b) (West 2011); *see also* TEX. PENAL CODE ANN. § 22.011(West 2011) According to appellant, the State failed to prove he had the intent to engage in sexual contact with "Nellie."

When reviewing legal sufficiency of the evidence to support a verdict, we view all of the evidence in the light most favorable to the verdict, asking whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 899, 912 (Tex. Crim. App. 2010); *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). A jury may believe all, some, or none of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). The jury may draw reasonable inferences from the evidence and we presume the jury resolved all inconsistencies in the evidence in favor of the verdict. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

The chat records shows that the thirty-one-year-old appellant, claiming he was twenty-one-years-old, tried to induce someone he believed to be a fourteen-year-old girl to meet him. When

appellant's first attempt to meet "Nellie" failed, he tried again. Appellant told Nellie he wanted to meet her to see if might be his girlfriend, and specifically asked Nellie if she wanted to have sex. Appellant promised he would bring a condom and arranged to meet her outside of the McDonald's to then go back to his place. To show he did not have the requisite intent, appellant relies primarily on his own self-serving testimony claiming he was only meeting Nellie to take her to the park and see if she might babysit in exchange for marijuana. He also asserts the State failed to prove his intent because he did not have condoms with him when he went to meet Nellie. Having viewed all the evidence in the light most favorable to the prosecution, the jury could have rationally found beyond a reasonable doubt that appellant had the intent to engage in sexual contact with a minor. We overrule appellant's first point of error.

In his second point of error, appellant contends the trial court erred in admitting extraneous offense evidence that he engaged in online chats with other girls who may have been minors. In his third point of error, appellant contends the trial court erred in admitting evidence of his AOL address book because it showed he had contacts with females with sexually suggestive and youthful names.

A trial court's decision to admit evidence of extraneous offenses will not be reversed absent a clear abuse of discretion. *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). Rule of evidence 404(b) allows evidence of other crimes, wrongs, or acts if the evidence has relevance apart from character conformity. *Moses v. State*, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003). For example, evidence of other crimes, wrongs, or acts may be admissible to prove identity or intent, or to rebut a defensive theory. *Id.* However, even if the evidence is relevant, and the purpose for which it is being offered is permissible under rule 404(b), it may still be excluded under rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice. *Id.*

Appellant asserts the complained-of evidence was inadmissible because it suggested he had engaged in improper sexual conduct with other minor girls on the internet. Appellant's defensive theory was that he went to the McDonald's to meet a fourteen-year old girl to see if she was interested in babysitting his children. We conclude the evidence was relevant to show appellant was not on the internet for the purpose of soliciting babysitting services.

Appellant also argues that even if the evidence was admissible for a proper purpose, it should have been excluded under rule of evidence 403. Under rule 403, we evaluate relevant evidence to determine if its probative value is substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403. In conducting a rule 403 balancing test, we balance the probative value of the evidence and the proponent's need for that evidence against (1) any tendency of the evidence to suggest decision on an improper basis, (2) any tendency of the evidence to confuse or distract the jury from the main issues, (3) any tendency of the evidence to be given undue weight by a jury not equipped to understand the probative value of the evidence, and (4) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 & n.8 (Tex. Crim. App. 2006).

As noted above, the evidence was probative in that it tended to show appellant was not on the internet looking for babysitting services. The evidence did not include any specifics of any extraneous misconduct and there was therefore little danger the jury would either give the evidence undue weight or decide the case on an improper basis. Further, the presentation of the evidence took minimal time and was not likely to confuse the jury. We cannot conclude the trial court abused its discretion in admitting the evidence under rule 403. We resolve the second and third issues against appellant.

In his fourth issue, appellant requests we reform the judgment to show the proper offense for which he was convicted. The judgment states appellant was convicted under "22.011 Penal Code," which is the sexual assault statute. However, appellant was convicted under section 15.031 of the Penal Code for solicitation of a minor. The State concedes error. We reform the judgment to show the proper statute under which appellant was convicted. As reformed, we affirm the trial court's judgment.


MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

111124F.U05

–6–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KENDALL WILLIAM MEADOWS,
Appellant

No. 05-11-01124-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 1 of Dallas County, Texas. (Tr.Ct.No. F06-29375-H).
Opinion delivered by Justice O'Neill, Justices FitzGerald and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REFORMED** to show the "Statute for Offense" appellant was convicted was "15.031 Penal Code." As reformed, the judgment is **AFFIRMED**.

Judgment entered November 14, 2012.

MICHAEL J. O'NEILL
JUSTICE